[No. B024016. Second Dist., Div. Five. May 12, 1987.]

NANCY NOBLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ALFRED KATZ, Real Party in Interest.

COUNSEL

Philip S. Cifarelli and David Boros for Petitioner.

No appearance for Respondent.

La Follette, Johnson, Schroeter & De Haas, Louis H. De Haas and Melinda W. Ebelhar for Real Party in Interest.

OPINION

HASTINGS, J.—Code of Civil Procedure section 364, subdivision (d), provides that a "Notice of Intention to Commence Action," filed within 90 days of the end of the applicable limitations period, tolls for 90 days the period within which an injured party must file an action based upon "professional negligence." We hold that the tolling provisions of that section apply only to negligence causes of action and not to those based upon intentional torts or other theories as to which the limitations period has run.

### FACTS

Petitioner, Nancy Noble, alleges that on or about April 22, 1985, she entered Cedars-Sinai Medical Center as an outpatient to undergo a lymph node biopsy in order to determine whether she suffered from a certain form of cancer. Prior to the surgery, Noble signed a standard consent form limiting

the surgical procedure to "excision of lymph node." She alleges that during the course of the surgery, the surgeon, defendant Alfred Katz, M.D., severed and blocked a major sensory nerve in Noble's neck, in order to alleviate the effects of a childhood soft tissue injury. This additional (and unauthorized) procedure not only failed to have the desired effect, but, according to Noble, caused her to suffer "massive and chronic pain which has not been alleviated by subsequent surgical/medical procedures."

On February 13, 1986, Noble served upon Dr. Katz a "Notice of Intention to Commence Action," as required by Code of Civil Procedure section 364, advising him of her intention to commence an action against him for "professional negligence."[1] On May 9, 1986, Noble filed an action against Dr. Katz, alleging general negligence, lack of informed consent, and battery. This was followed by a first amended complaint, filed August 29, 1986, seeking damages based upon medical malpractice, lack of informed consent, battery, negligence, and negligent infliction of emotional distress. With the exception of battery, an intentional tort, all of these causes of action sound in negligence.

Dr. Katz demurred to the third cause of action (battery) only, on the ground that it was barred by the applicable statute of limitations. The respondent court sustained the demurrer without leave to amend and Noble sought relief in this court.

DISCUSSION

Section 340.5 provides that the statute of limitations for an action based upon the professional negligence of a "health care provider" is "three years after the date of the injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." Noble and Dr. Katz agree that the one-year limitations period is applicable here.

If the notice of intent required by section 364, subdivision (a), is served within 90 days of the end of the applicable limitations period, "the time for the commencement of the action shall be extended 90 days from the service of the notice." (§ 364, subd. (d).) The 90-day period is thus "tacked on" to the one-year limitations period. (*Hilburger* v. *Madsen* (1986) 177 Cal.App.3d 45, 52 [222 Cal.Rptr. 713]; *Braham* v. *Sorensen* (1981) 119 Cal.App.3d 367, 370-371 [174 Cal.Rptr. 39].)

---

[1]Code of Civil Procedure section 364, subdivision (a), provides that "No action based upon [a] health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Because Noble filed her notice of intent within 90 days of the end of the one-year limitations period (which ordinarily would have run on Apr. 22, 1986), the limitations period was extended for 90 days, until July 21, 1986. Her complaint, filed on May 9, 1986, was therefore timely filed as to the causes of action sounding in negligence.

Noble contends that because her cause of action for battery was based upon the same facts as the negligence causes of action, the tolling provisions of section 364, subdivision (d), also extend the one-year limitations period for battery (§ 340, subd. (3)), which otherwise would have run on April 22, 1986.

■ Having reviewed the copious legislative history of section 364, we conclude that the 90-day tolling provisions of that section apply only to negligence causes of action.

Section 364 was enacted in 1975 as part of the Medical Injury Compensation Reform Act (MICRA). MICRA was a legislative response to the so-called "malpractice crisis" precipitated by skyrocketing physician malpractice insurance rates. It revised certain provisions of law concerning medical malpractice, including limitation of damages for "pain and suffering" to $250,000, limitation of contingent attorney fees, reduction of the statute of limitations for negligence actions from four years to three years, and review of medical malpractice insurance rate increases. The goal of the Legislature was to reduce the number of medical malpractice actions filed, with the hope of a corresponding reduction in malpractice insurance rates.

Our review of MICRA's legislative history reveals extensive lobbying from the medical community and their counsel, on the one hand, and the plaintiffs' bar on the other. Such lobbying efforts were no doubt responsible for the spirit of compromise evident in section 364, where the requirement that a plaintiff give 90 days' notice before filing suit (§ 364, subd. (a)) is balanced by subdivision (d), which extends the statute of limitations for the same period of time.

Both section 364 and section 340.6, which sets forth the limitations period, apply to actions against a health care provider based upon the provider's alleged "*professional negligence,*" which is defined as "a *negligent* act or omission to act." (Italics added.) The atmosphere in which MICRA was enacted, and a comparison of the above language to other provisions of the act, lead us to conclude that the words "negligent" and "negligence" were carefully chosen to apply only to causes of action based upon negligence.

For example, section 1295, which governs arbitration provisions in medical services contracts, requires that such contracts state clearly that they

are applicable to "any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized *or* were improperly, negligently or incompetently rendered. . . ." (Italics added.) In section 1295, the Legislature used the term "medical malpractice" to include medical services which were negligently rendered *and* those which were "unnecessary or unauthorized" (the traditional grounds for a battery cause of action). The language of section 1295 goes "beyond mere negligence" and encompasses all theories which might be included in a "medical malpractice" action. (See *Herrera* v. *Superior Court* (1984) 158 Cal.App.3d 255, 261 [204 Cal.Rptr. 553] [entire action subject to arbitration].)

In contrast, the provisions of MICRA relating to the statute of limitations (§§ 340.6 and 364) use the more limiting terms "professional negligence" and "negligent act or omission to act." We view this as a deliberate choice, consistent with MICRA's goal of reducing the number of medical malpractice actions filed. The Legislature specifically reduced the limitations period for such actions from four to three years. Noble's contention that section 364, subdivision (d) *expanded* the limitations period for battery is inconsistent with the spirit, if not the letter, of MICRA.

Noble's argument is based upon the premise that her cause of action for battery is merely an alternative theory based upon the same set of facts as her negligence causes of action. This argument is unpersuasive. As our Supreme Court noted in *Cobbs* v. *Grant* (1972) 8 Cal.3d 229 [104 Cal.Rptr. 505, 502 P.2d 1], there are significant differences between the two theories, including the evidentiary burdens, the availability of punitive damages, and the applicable limitations period: "[M]ost jurisdictions have permitted a doctor in an informed consent [negligence] action to interpose a defense that the disclosure he omitted to make was not required within his medical community. However, expert opinion as to community standard is not required in a battery count, in which the patient must merely prove failure to give informed consent and a mere touching absent consent. Moreover a doctor could be held liable for punitive damages under a battery count, and if held liable for the intentional tort of battery he might not be covered by his malpractice insurance. [Citation.] *Additionally, in some jurisdictions the patient has a longer statute of limitations if he sues in negligence.*"[2] (8 Cal.3d at p. 240, italics added.)

---

[2]In fact, this is true of most jurisdictions. See 1 Louisell & Williams, Medical Malpractice (Matthew Bender & Co., 1986) paragraph 13.04, page 13-11 ("Since the limitation period for assault and battery actions is shorter than that for negligence in most jurisdictions, it is understandable that comparatively few malpractice actions are based on assault.")

The distinction between negligence and battery was not lost on our Supreme Court, and we do not believe it was lost on the Legislature when it enacted section 364 as a *limited* exception to the statute of limitations for "professional negligence." Had the Legislature intended section 364, subdivision (d), to extend to causes of action based upon other theories which the plaintiff might wish to include in the complaint, it could have used language which reflected that intent. It did not.

The petition for writ of mandate is denied and the alternative writ is hereby discharged.

Feinerman, P. J., and Ashby, J., concurred.