[No. F013350. Fifth Dist. Aug. 8, 1990.]

APPIREDDY BOMMAREDDY, Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
ELEASE WILLIAMS, Real Party in Interest.

COUNSEL

Anderson, Galloway & Lucchese, Martin J. Everson and Sonja M. Dahl for Petitioner.

No appearance for Respondent.

Richard L. Moser for Real Party in Interest.

OPINION

VARTABEDIAN, Acting P. J.—Dr. Appireddy Bommareddy, an ophthalmologist, defendant in the superior court case (sued as A. R. B. Reddy, M.D.), petitions for writ of mandate to compel that court to strike the claim for punitive damages contained in Elease Williams's medical malpractice action. Dr. Bommareddy contends the restrictions upon claiming punitive damages "arising out of the professional negligence of a health care provider" contained in Code of Civil Procedure section 425.13 require this result, even though "battery" is the cause of action for which punitive damages are sought. We disagree and deny the petition.

Williams alleges in her first amended complaint that Dr. Bommareddy performed a cataract extraction with an intraocular lens implant on her

right eye, the surgery having been performed without her knowledge, permission or consent. Williams avers she had consented only to tear duct surgery on her left eye.

The first cause of action is for battery. Williams claims the acts were willful, wanton and malicious and done with a conscious disregard for her rights, entitling her to damages, including punitive damages in the sum of $1 million.

The second cause of action, based upon negligence, sets forth that Dr. Bommareddy undertook to care for Williams and failed in that duty by performing surgery on her right eye instead of her left eye. The negligence cause of action does not contain any reference to punitive damages.

Dr. Bommareddy moved to strike the punitive damages references in the first cause of action and demurred to the second cause of action. The superior court denied the motion to strike and overruled the demurrer. In ruling on the motion to strike, the court noted there is an essential difference between battery and medical negligence and that when the Legislature said "professional negligence" it did not include battery. The instant petition challenges only the denial of the motion to strike.

DISCUSSION

Code of Civil Procedure section 425.13 provides in relevant part, "(a) In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed." Subdivision (b) of that section contains a definition of health care provider, but does not contain a definition of professional negligence.

Dr. Bommareddy argues that the term "professional negligence" as used in Code of Civil Procedure section 425.13 should be read to mean any cause of action arising out of the provision of medical services. Dr. Bommareddy asserts that the Legislature's choice of the words "in any action for damages" reaches the entire case here. He contends the language chosen fairly implies application to any "action" which has come about through the health care provider's alleged professional negligence. His view that the action necessarily arises out of professional negligence presupposes that Williams's battery cause of action does not substantively exist apart from the negligence theory of recovery.

In *Cobbs* v. *Grant* (1972) 8 Cal.3d 229 [104 Cal.Rptr. 505, 502 P.2d 1] the Supreme Court, concluding that the case before it sounded in negli-

gence, recognized other instances for which the battery theory should be reserved: "Where a doctor obtains consent of the patient to perform one type of treatment and subsequently performs a substantially different treatment for which consent was not obtained, there is a clear case of battery. [Citations.]" (*Id.* at p. 239.)

The *Cobbs* court went on to note some of the significant differences between the theories: "[M]ost jurisdictions have permitted a doctor in an informed consent [negligence] action to interpose a defense that the disclosure he omitted to make was not required within his medical community. However, expert opinion as to community standard is not required in a battery count, in which the patient must merely prove failure to give informed consent and a mere touching absent consent. Moreover a doctor can be held liable for punitive damages under a battery count, and if held liable for the intentional tort of battery he might not be covered by his malpractice insurance. [Citation.] Additionally, in some jurisdictions the patient has a longer statute of limitations if he sues in negligence." (*Cobbs* v. *Grant, supra,* 8 Cal.3d 229, 240.)

Hence, the battery theory is proper only for a limited category of medical malpractice cases; among its differences from a negligence theory are certain benefits. Here, Williams pleads that her injuries resulted from a substantially different surgery than that to which she consented. Since this is precisely the situation to which the battery theory applies, Williams should not be prevented from claiming punitive damages merely because she additionally alleges negligence as a separate theory.

The second thrust of Dr. Bommareddy's argument is that punitive damages are never available in a negligence cause of action, a fact that would render the amendment meaningless if it did not include intentional torts. He states, "[I]t is hornbook law that punitive damages may never be obtained for conduct which is only negligent in nature. ' . . . [M]ere negligence, *even gross negligence is not sufficient to justify an award of punitive damages.'* [Citations.] Punitive damages are reserved for only the most egregious forms of intentional, malicious, despicable misconduct."

Dr. Bommareddy's argument assumes there is a "bright line" delineating the general availability of punitive damages; the distinction claimed is intentional tort versus negligence. The California Supreme Court, however, has not so drawn the line.

In *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854] the Supreme Court recognized the availability of punitive damages in a negligence action where the plaintiff had pleaded that the

defendant's operation of a motor vehicle disclosed a conscious disregard of the probable dangerous consequences. The court posed the question and offered the answer as follows: "Defendant's successful demurrer to the complaint herein was based upon plaintiff's failure to allege any actual intent of defendant to harm plaintiff or others. Is this an essential element of a. claim for punitive damages? As indicated by Dean Prosser, courts have not limited the availability of punitive damages to cases in which such an intent has been shown. As we ourselves have recently observed, in order to justify the imposition of punitive damages the defendant ' ". . . must act with the intent to vex, injure, or annoy, *or with a conscious disregard of the plaintiff's rights*. [Citations.]" ' " (*Id.* at p. 895.)

We note the same statute which added Code of Civil Procedure section 425.13 also expanded the definition of malice found in Civil Code section 3294 to include "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." (Stats. 1987, ch. 1498, § 5, pp. 5780-5781.)

*Bell* v. *Sharp Cabrillo Hospital* (1989) 212 Cal.App.3d 1034 [260 Cal.Rptr. 886] involved a suit against a hospital for renewing the staff privileges of a doctor who negligently performed surgery, causing the death of plaintiff's child. The mother had asked for punitive damages because of the hospital's negligence. The trial court declined to instruct the jury on punitive damages "for lack of evidence that the Hospital consciously disregarded the safety of others" when reviewing the doctor's application. (*Id.* at p. 1038.) Had there been evidence of conscious disregard of the safety of others, such an instruction would have been appropriate and punitive damages would have been available on the negligence cause of action.

Thus, absent a statutory prohibition, punitive damages may be awarded on what is traditionally considered a negligence cause of action if the conduct amounts to despicable conduct carried on with conscious disregard of the safety of others. Limiting Code of Civil Procedure section 425.13 to its express coverage of professional negligence of a health care provider only does not render the statute meaningless.

Dr. Bommareddy next claims that legislative history and public policy support his interpretation. We fail to find such support.

In 1975 the Legislature passed Assembly Bill No. 1 (Stats. 1975, Second Ex. Session, p. 3949 et seq., ch. 1, eff. Dec. 12, 1975), the Medical Injury Compensation Reform Act (MICRA) in response to the "medical malpractice crisis" in California. (See, generally, *Selected 1975 California Legislation* (1976) 7 Pacific L.J. 544-562.)

"From the outset, it seems notable that the legislature chose to specifically regulate only those actions brought upon a theory of 'professional negligence,' as defined as a negligent act or omission by a health care provider in the rendering of professional services which cause personal injuries or wrongful death. Hence, a 'malpractice' action brought on a theory of an unconsented-to-battery upon the patient, breach of warranty, or other non-negligence theory would apparently be without the ambit of this legislation." (*Selected 1975 California Legislation, supra,* 7 Pacific L.J. 544, 557.)

MICRA did not contain Code of Civil Procedure section 425.13. That section, in its original form, was added by Statutes of 1987, chapter 1498, section 7, page 5782. (Sen. Bill No. 241 (1987-1988 Reg. Sess.)). The chapter dealt with punitive damages, redefined malice and oppression, and provided that punitive damages must be proven by clear and convincing evidence, amending in part Civil Code sections 3294 and 3295.

Code of Civil Procedure section 425.13 was amended by Statutes of 1988, chapter 1205 (Sen. Bill No. 1420 (1987-1988 Reg. Sess).). The Legislative Counsel's Digest explained, "Existing law provides that no claim for punitive damages against a health care provider shall be included in a complaint or other pleading unless permitted by court order. [¶] This bill would specify that the provision applies to any action for damages arising out of the professional negligence of a health care provider. The bill would state that its provisions are declaratory of existing law." (Legis. Counsel's Dig., Sen. Bill No. 1420, Stats. 1988, ch. 1205, No. 5 Deering's Adv. Legis. Service, p. 4549, Stats. 1988, ch. 1205, No. 11 West's Cal. Legis. Service, p. 3048, No. 5 Deering's Adv. Legis. Service, p. 4549.)

The following comment of the Senate Committee on Judiciary is found in the Senate third reading of Senate Bill No. 1420: "Code of Civil Procedure section 425.13 was enacted last year as part of SB 241 (Lockyer). This bill is intended to correct an oversight. As written, Section 4215.13 [*sic*] could apply to any lawsuit against any health care provider. (The term 'health care provider' is not defined. See Comment #3.) Arguably, this could include lawsuits unrelated to the practitioner's practice, such as defamation, fraud, and intentional torts.

"The author asserts that the intention of SB 241 was to provide protection to health practitioners in their capacity as practitioners. Specifically, relief was sought from unsubstantiated claims of punitive damages in actions alleging professional negligence. There was no intent to protect practitioners in any other capacity. This bill limits the application of Section

4215.13 [*sic*] to lawsuits involving allegations of a health practitioner's 'professional negligence.'

"There is substantial precedent for this bill. The provisions of the Medical Injury Compensation Reform Act of 1975 (MICRA) all pertain to claims of 'professional negligence.' (See Civil Code Section 3333.1, relating to collateral source rule, Civil Code section 3333.2, relating to limitations on noneconomic losses, Code of Civil Procedure Section 411.30, relating to Certificates of Merit, and Code of Civil Procedure Section 667.7, relating to periodic payments of judgments.)"

Therefore, as used in the amended version of Code of Civil Procedure section 425.13, "professional negligence" is the same term of art as appears in the precedent MICRA legislation; there, the term has a specific meaning which does not include unconsented-to battery upon a patient. Although "professional negligence" is not defined in Code of Civil Procedure section 425.13, it is defined in Civil Code section 3333.1, concerning the collateral source rule; Civil Code section 3333.2, applying to limitations on noneconomic losses; Code of Civil Procedure section 364, pertaining to notice of intention to commence action; and Code of Civil Procedure section 667.7, relating to periodic payments of judgments.

"Professional negligence" is defined in each of those sections as a "negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital."

In construing Code of Civil Procedure section 364, *Noble* v. *Superior Court* (1987) 191 Cal.App.3d 1189 [237 Cal.Rptr. 38] held that professional negligence does not include the intentional tort of battery. "The distinction between negligence and battery was not lost on our Supreme Court, and we do not believe it was lost on the Legislature when it enacted section 364 as a *limited* exception to the statute of limitations for 'professional negligence.' Had the Legislature intended section 364, subdivision (d), to extend to causes of action based upon other theories which the plaintiff might wish to include in the complaint, it could have used language which reflected that intent. It did not." (*Id.* at p. 1194.)

The *Noble* court also noted that Code of Civil Procedure 1295, governing arbitration provisions in medical services contracts, used the term "medical malpractice" to include those medical services that are negligently performed *"and* those which were 'unnecessary or unauthorized' (the

traditional grounds for a battery cause of action)." (*Noble* v. *Superior Court, supra,* 191 Cal.App.3d 1189, 1193.) The court considered the term "professional negligence" a more limited one and the choice of its use deliberate.

"Professional negligence" as used in Code of Civil Procedure section 425.13 is a term of art that does not include intentional torts, such as battery, even when occurring during the provision of medical services.

### DISPOSITION

The petition for writ of mandate is denied. Williams is awarded her costs incurred herein.

Thaxter, J., and Brown (G. A.), J.,* concurred.

Petitioner's application for review by the Supreme Court was denied October 30, 1990. Panelli, J., Eagleson, J., and Arabian, J., were of the opinion that the application should be granted.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.