[No. H022416. Sixth Dist. Dec. 21, 2001.]

GUARDIAN NORTH BAY, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ARLENE MYERS, Real Party in Interest.

[No. H022417. Sixth Dist. Dec. 21, 2001.]

GUARDIAN NORTH BAY, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JEFFREY SPENCER, Real Party in Interest.

[No. H022418. Sixth Dist. Dec. 21, 2001.]

GUARDIAN NORTH BAY, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
KATHLEEN CASE et al., Real Parties in Interest.

964

**COUNSEL**

Robert K. Lawrence, Paul B. Schroeder, Bjork Lawrence; Greines, Martin, Stein & Richland, Robert A. Olson and Alan Diamond for Petitioner.

Hooper, Lundy & Bookman, Mark E. Reagan and Mark A. Johnson for California Association of Health Facilities as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Allen H. Fleishman and Heidie R. Larson for Real Parties in Interest.

OPINION

ELIA, J.—

## I. INTRODUCTION

In these original proceedings, we consider an issue of first impression arising from elder abuse litigation: whether the statute of limitations applicable to a civil action for damages against a health care provider convicted of felony elder abuse (Pen. Code, § 368) is Code of Civil Procedure section 340.5, which provides a maximum three-year limitations period for medical malpractice actions, or Code of Civil Procedure section 340.3,[1] which provides a limitations period of at least one year after the judgment of conviction for an action based on the defendant's commission of a felony offense.

After petitioner Guardian North Bay, Inc. (Guardian) pleaded no contest to six counts of felony elder abuse of patients, three actions for damages were filed against Guardian. The complaints allege that Guardian was convicted of violating Penal Code section 368 by willfully injuring or endangering plaintiffs' deceased parents while they were patients in Guardian's skilled nursing facility. Guardian contended in its demurrers to the complaints that the actions are time-barred by section 340.5, because the actions were not filed within the three-year limitations period for medical malpractice. The trial court agreed with plaintiffs that their actions were timely filed under section 340.3 within one year of Guardian's convictions for felony elder abuse, and overruled Guardian's demurrers on that ground. Because we conclude that section 340.3 is the applicable statute of limitations and therefore the demurrers were properly overruled, we will deny the petitions for extraordinary relief from the trial court's orders.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Guardian filed a demurrer in response to each of the three complaints filed after Guardian's convictions for felony elder abuse. When its demurrers

---

[1] All statutory references hereafter are to the Code of Civil Procedure unless otherwise indicated.

were overruled, Guardian petitioned this court in each case for a writ of mandate directing respondent court to vacate its order and to enter a new order sustaining the demurrer without leave to amend. We summarily denied the three petitions. Guardian then petitioned for review by the California Supreme Court, which granted review as to each petition and ordered this court to vacate its order denying mandate and to issue an order directing respondent court to show cause why the relief sought in the petition should not be granted. We have complied with the California Supreme Court's order.

Additionally, because the writ petitions raise the same statute of limitations issue, we ordered that these original proceedings be consolidated for purposes of the order to show cause, briefing, oral argument and decision. We also issued a temporary stay of all trial court proceedings while our writ review was pending, and granted the application of the California Association of Health Facilities to file an amicus curiae brief in support of petitioner.

Our review begins with a summary of the factual and procedural background of each case, Guardian's demurrers, and the trial court's orders.

## A.   *Myers v. Guardian North Bay, Inc.*

Real party in interest Arlene Myers (plaintiff) is the daughter of Hazel Skogg (Skogg), a former patient at a skilled nursing facility, Guardian of Los Gatos, which was owned and operated by Guardian. On June 22, 2000, plaintiff filed a complaint against defendants Guardian, Guardian Postacute Services, Inc., and Guardian of Los Gatos, on behalf of her mother and herself as guardian ad litem (*Myers v. Guardian North Bay, Inc.,* No. CV790643). After Skogg died, plaintiff filed a first amended complaint as successor in interest and administrator of Skogg's estate.

The allegations of the first amended complaint include the following facts. Skogg, age 82, was admitted to Guardian of Los Gatos on July 22, 1996, for rehabilitation after hip fracture surgery. On May 24, 2000, Guardian, as the owner of Guardian of Los Gatos, pleaded no contest to two grand jury indictments and was convicted on six felony counts of elder abuse in violation of Penal Code section 368, former subdivision (a)(1) (now subd. (b)(1)). One count named Skogg as a victim. The criminal allegations state that between July 22, 1996, and November 7, 1996, "Guardian, under circumstances and conditions likely to produce great bodily harm and death, did wilfully cause and permit Hazel Skogg to suffer unjustifiable physical pain and mental suffering, cause and permit her person and health to be endangered and cause and permit her health to be injured."

The first amended complaint also includes allegations about defendants' "negligent, grossly negligent and substandard care," which caused Skogg to

lie in her own feces and urine, to develop deep bedsores, to experience severe pain, and to be left partially nude in view of another patient. The first amended complaint also includes allegations about the statute of limitations: "Under the provisions of Code of Civil Procedure § 340.3, the statute of limitations for an action for damages against Guardian North Bay, Inc., based upon the commission of and conviction for a felony offense, is one year from the date judgment is pronounced."

The 10 causes of action in the first amended complaint include negligence, intentional infliction of emotional distress, willful misconduct, negligence per se (violation of Pen. Code, § 368, former subd. (a)(1)), fraudulent misrepresentation, fraudulent concealment, "violation of patient's rights," unfair business practice, negligent infliction of emotional distress, and "damages for surviving cause of action by successor in interest."

B.   *Spencer v. Guardian North Bay, Inc.*

Real party in interest Jeffrey Spencer (plaintiff) is the son of decedent Stanley Spencer (Spencer), who was admitted to Guardian of Los Gatos for rehabilitation and postsurgical wound care after a total hip replacement. On July 14, 2000, plaintiff, individually and as successor in interest to Spencer, filed a complaint against defendants Guardian, Guardian Postacute Services, Inc., and Guardian Los Gatos (*Spencer v. Guardian North Bay, Inc.,* No. CV791144). The complaint alleges that Guardian, as the owner of Guardian of Los Gatos, pleaded no contest to two grand jury indictments and was convicted of six felony counts of elder abuse in violation of Penal Code section 368, former subdivision (a)(1) (now subd. (b)(1)). Spencer was named as a victim in one count. According to the complaint, the criminal allegations stated that between July 11, 1996, and July 27, 1996, "Guardian, under circumstances and conditions likely to produce great bodily harm and death, did wilfully cause and permit Stanley Spencer to suffer unjustifiable physical pain and mental suffering, cause and permit his person and health to be endangered and cause and permit his health to be injured."

The complaint further alleges that Guardian neglected Spencer, age 74, during his admission to Guardian of Los Gatos, and provided "negligent, grossly negligent and substandard care" which caused Spencer to suffer injuries leading to his death. The substandard care consisted of failure to provide adequate nutrition and hydration, failure to provide proper care of bedsores, which caused necrosis and infection, and failure to provide minimum hygiene. The complaint also includes allegations about the statute of limitations: "Under the provisions of Code of Civil Procedure § 340.3, the statute of limitations for an action for damages against Guardian North Bay, Inc., based upon the commission of and conviction for a felony offense, is one year from the date judgment is pronounced."

The 11 causes of action included in the complaint are negligence, wrongful death, intentional infliction of emotional distress, negligent infliction of emotional distress, willful misconduct, negligence per se (violation of Pen. Code, § 368), fraudulent misrepresentation, fraudulent concealment, "violation of patient's rights," unfair business practice, and "damages for surviving cause of action by successor in interest."

### C. *Case et al. v. Guardian North Bay, Inc.*

Real parties in interest Kathleen Case, Mary Black, and Judith Ann Savaso (plaintiffs) are the children of decedent Josephine Case (Case), another former patient of Guardian of Los Gatos. On July 25, 2000, plaintiffs, individually and as successors in interest, filed a complaint against defendants Guardian, Guardian Postacute, Inc., and Guardian of Los Gatos. The complaint alleges that Guardian, as the owner of Guardian of Los Gatos, pleaded no contest to two grand jury indictments and was convicted of six felony counts of elder abuse in violation of Penal Code section 368, former subdivision (a)(1) (now subd. (b)(1)). Case was named as a victim in one count. According to the complaint, the criminal allegations stated that between December 19, 1997, and December 28, 1997, "Guardian, under circumstances and conditions likely to produce great bodily harm and death, did wilfully cause and permit Josephine Case to suffer unjustifiable physical pain and mental suffering, cause and permit her person and health to be endangered and cause and permit her health to be injured."

The complaint further alleges that Guardian neglected Case, age 78, during her admission to Guardian of Los Gatos for rehabilitation following surgery, and provided "negligent, grossly negligent and substandard care," which caused her to suffer injuries that ultimately led to her death. The substandard care consisted of failure to manage excruciating pain, failure to provide adequate nutrition and hydration, failure to prevent and diagnose a blood infection, and failure to prevent the development of large bedsores. The complaint also includes allegations about the statute of limitations: "Under the provisions of Code of Civil Procedure § 340.3, the statute of limitations for an action for damages against Guardian North Bay, Inc., based upon the commission of and conviction for a felony offense, is one year from the date judgment is pronounced."

The 11 causes of action included in the complaint are negligence, wrongful death, intentional infliction of emotional distress, negligent infliction of emotional distress, willful misconduct, negligence per se (violation of Pen. Code, § 368), fraudulent misrepresentation, fraudulent concealment, "violation of patient's rights," unfair business practice, and "damages for surviving cause of action by successor in interest."

## D. *Guardian's Demurrers*

To each of these very similar complaints, Guardian filed a nearly identical demurrer asserting that the complaint was fatally defective, for several reasons.

First, Guardian contended that the entire complaint was time-barred by section 340.5, the statute of limitations set forth in MICRA (the Medical Injury Compensation Reform Act; Stats. 1975, 2d Ex. Sess. 1975, ch. 2, § 12.5, p. 4007) for actions based on professional negligence by a health care provider. Under section 340.5, Guardian noted, the limitations period for a medical negligence claim expires one year after discovery of the negligently caused injury, with a maximum period of three years from the actual date of injury. Guardian argued that because plaintiffs' claims arose from the rendering of professional medical services during their decedents' admissions to Guardian of Los Gatos, under section 340.5 the limitations period for each plaintiff's claims expired no later than one year after their decedents' discharges in 1996 and 1997. Therefore, Guardian asserted that all three complaints were untimely filed in 2000.

Second, Guardian rejected plaintiffs' contention that their complaints were timely filed pursuant to section 340.3 within one year from the date of Guardian's convictions for felony elder abuse in May 2000. Guardian argued that section 340.3 was intended to apply only to civil actions filed by victims of violent crimes and cannot operate to extend the limitations period for claims of professional medical negligence which are exclusively governed by MICRA. Guardian further argued that section 340.5 is applicable because it is the specific statute of limitations for medical malpractice claims, while section 340.3 is a more general statute of limitations. Alternatively, Guardian contended that because plaintiffs in their personal capacities were not the victims of the felony offenses to which Guardian pleaded no contest, they were not entitled to benefit from the longer limitations period which section 340.3 provides for claims by victims of violent crimes.

Finally, Guardian argued that the various causes of action in each complaint were improperly pleaded, uncertain or otherwise defective for reasons that need not be discussed here because those grounds are not at issue in the present writ proceedings. Based on these arguments and its statute of limitations defense, Guardian urged the trial court to sustain its demurrers without leave to amend.

## E. *Plaintiffs' Opposition*

In each of their opposition points and authorities, plaintiffs made similar arguments in response to Guardian's demurrers. Regarding Guardian's statute of limitations defense, plaintiffs argued that the controlling statute is

section 340.3, because that statute is part of a comprehensive statutory scheme enacted to achieve Proposition 8's goal of providing restitution to all persons who suffer losses as a result of criminal activity. Under section 340.3, plaintiffs asserted, their actions were timely filed less than one year from May 24, 2000, the date of Guardian's no-contest pleas.

Plaintiffs explained that MICRA is inapplicable because MICRA governs civil liability for professional negligence, and their cases do not involve professional negligence. Instead, their complaints allege conduct by Guardian which is more egregious than professional negligence and which falls within Penal Code section 368, the statute that imposes criminal liability upon a defendant who willfully causes or permits an elder adult in defendant's custody to be injured or endangered. Further, plaintiffs argued that they are victims within the meaning of section 340.3 because the statutory definition of "victim" in Government Code section 13960 provides that any person who sustains a physical or emotional injury as the direct result of a crime is a victim for purposes of restitution. Because plaintiffs suffered extreme emotional injury when they observed their parents' suffering at Guardian of Los Gatos, plaintiffs contended that each of them is also a victim of Guardian's criminal conduct.

### F. The Trial Court's Orders

In its orders, the trial court sustained in part and overruled in part Guardian's demurrers. The demurrers to the causes of action for fraudulent misrepresentation and fraudulent concealment were sustained with leave to amend. The demurrer to the cause of action for unfair business practice was sustained without leave to amend on grounds that plaintiffs did not oppose this demurrer. As to the remaining causes of action, the trial court's orders stated that the demurrers to these causes of action were "overruled on all grounds." Accordingly, we assume that the trial court rejected Guardian's argument that each complaint on its face is time-barred by the section 340.5 statute of limitations for professional medical negligence.

### III. Discussion

### A. The Standard of Review

The standard of review for an order overruling a demurrer is de novo. The reviewing court accepts as true all facts properly pleaded in the complaint in order to determine whether the demurrer should be overruled. (*Sierra-Bay Fed. Land Bank Assn. v. Superior Court* (1991) 227 Cal.App.3d 318, 327 [277 Cal.Rptr. 753].) "A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar of the statute of limitations to be

raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]" (*Marshall v. Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339]; see also *Childs v. State of California* (1983) 144 Cal.App.3d 155, 160-161 [192 Cal.Rptr. 526].) In the present cases, as we will explain, we do not find it clear on the face of the complaints that the actions are time-barred pursuant to section 340.5.

## B. *The Two Statutes of Limitations at Issue*

■ To determine whether the trial court properly overruled Guardian's demurrers on statute of limitations grounds, a threshold question must be addressed: whether the applicable statute of limitations is section 340.5, which provides a maximum three-year limitations period for medical malpractice actions, or section 340.3, which provides a limitations period of at least one year after the judgment of conviction for an action for damages based on a defendant's commission of a felony offense. The California Supreme Court has set forth guidelines for determining which statute of limitations applies when there is an apparent conflict. ■ "In seeking to determine which statute of limitations was intended to govern on facts such as those before us, our goal is to discern the probable intent of the Legislature so as to effectuate the purpose of the laws in question. [Citations.] We examine the statutes in their context and with other legislation on the same subject. [Citation.] If they conflict on a central element, we strive to harmonize them so as to give effect to each. If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citations] and more specific provisions take precedence over more general ones. [Citation.] Absent a compelling reason to do otherwise, we strive to construe each statute in accordance with its plain language." (*Collection Bureau of San Jose v. Rumsey* (2000) 24 Cal.4th 301, 309-310 [99 Cal.Rptr.2d 792, 6 P.3d 713].) Following these guidelines, we first examine the plain language and legislative purpose of the two statutes of limitations at issue.

### 1. *Section 340.3*

Section 340.3 provides, in pertinent part, that "[u]nless a longer period is prescribed for a specific action, in any action for damages against a defendant based upon such person's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced." Section 340.3 is an urgency statute which took effect on September 20, 1983, and was enacted in the implementation of Proposition 8 (the Victims' Bill of Rights, Cal. Const., art. I, § 28). (*Gallo v. Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587].)

Specifically, section 340.3 was enacted as part of a statutory scheme to implement Proposition 8's constitutional requirement that " 'persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer.' " (*People v. Broussard* (1993) 5 Cal.4th 1067, 1072-1073 [22 Cal.Rptr.2d 278, 856 P.2d 1134], quoting Cal. Const., art. I, § 28, subd. (b).) The legislative history for section 340.3 indicates that the Legislature proposed a special statute of limitations for felony crime victims in order to facilitate restitution by encouraging civil lawsuits against criminal defendants. The Senate Committee on the Judiciary comment on Assembly Bill No. 493 states that "[t]his bill would grant a plaintiff who was the victim of [a] felony and was suing the person convicted of the felony the following advantages: [¶] . . . [¶] an extension of the period in which suit might be grought until one year after judgment was pronounced in the criminal case. [¶] . . . [¶] The purpose of the bill is to encourage felony victims to sue those convicted of the felony in order to obtain restitution." (Sen. Com. on Judiciary, com. on Assem. Bill No. 493 (1983-1984 Reg. Sess.) as amended May 23, 1983, p. 2.)

Nothing in the legislative history for section 340.3 indicates that the Legislature intended to exclude any category of felony victim from the advantage of the extended limitations period. To the contrary, our Supreme Court has stated that Proposition 8's constitutional mandate of victim restitution was intended to protect "all crime victims, regardless of the nature of their loss." (*People v. Broussard, supra*, 5 Cal.4th at p. 1075.) The statutory scheme for restitution also provides a broad definition of "victim," which includes a "derivative victim." A "derivative victim" is defined as the "parent, sibling, spouse, or child" of a victim who "sustained injury or death as a direct result of a crime." (Gov. Code, § 13960, subd. (a)(1), (2)(A).)

Most importantly, the plain language of section 340.3 is broad. The statute expressly provides that in "*any* action for damages against a defendant," which is "*based* upon such person's commission of a felony offense for which the defendant has been convicted," the applicable limitations period is one year from the date judgment of conviction is pronounced, unless a longer limitations period applies. (§ 340.3, italics added.) Thus, for the section 340.3 one-year limitations period to apply, the action in question must meet only three requirements: (1) the action is for damages; (2) the action is based upon defendant's commission of a felony offense; and (3) defendant has been convicted of that felony offense.

2. *Section 340.5*

In pertinent part, section 340.5 provides that "[i]n an action for injury or death against a health care provider based upon such person's alleged

professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person." A skilled nursing facility is a health care provider for purposes of section 340.5. (*Alcott Rehabilitation Hospital v. Superior Court* (2001) 93 Cal.App.4th 94, 99-100 [112 Cal.Rptr.2d 807].)

By its plain language, section 340.5 applies to actions based upon a defendant's professional negligence. "Professional negligence" is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." (§ 340.5, subd. (2).)

The current version of section 340.5 was enacted in 1975 as part of MICRA. Our Supreme Court has stated that "[s]ection 340.5 is part of an interrelated legislative scheme enacted to deal specifically with all medical malpractice claims." (*Young v. Haines* (1986) 41 Cal.3d 883, 894 [226 Cal.Rptr. 547, 718 P.2d 909].) "Evidently, the Legislature found a relationship between the malpractice insurance crisis and the former statute of limitations. Commentators had observed that the delayed discovery rule and the resulting 'long tail' claims made it difficult to set premiums at an appropriate level. [Citations.] Presumably, the legislative goal in amending section 340.5 [to reduce the maximum limitations period from four to three years] was to give insurers greater certainty about their liability for any given period of coverage, so that premiums could be set to cover costs." (*Id.* at p. 900.)

Thus, section 340.5 was enacted as a "sharply reduced statute of limitations for malpractice plaintiffs" with restricted tolling provisions. (*Young v. Haines, supra,* 41 Cal.3d at pp. 896, 900.) Our Supreme Court has ruled that "[n]o tolling provision outside of MICRA can extend the three-year maximum time period that section 340.5 establishes." (*Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 931 [86 Cal.Rptr.2d 107, 978 P.2d 591] [§ 340.5 prevents tolling in prisoner suits beyond the three-year maximum].) Accordingly, an action for personal injury or wrongful death, which is based upon a negligent act or omission to act by a skilled nursing facility in the rendering of professional services, is subject to the section 340.5 maximum

limitations period of three years from the date of injury, absent tolling for fraud, intentional concealment, or presence of a foreign body.

## C.  *Section 340.3 Is the Applicable Statute of Limitations*

Based on our review, we discern that the purpose of section 340.3 is to encourage the victim of a crime to obtain restitution by bringing an action for damages against the perpetrator when the perpetrator has been convicted of a felony offense. The minimum limitations period of at least one year from the judgment of conviction allows the victim to sue the defendant when an otherwise applicable statute of limitations has expired. In the cases at bar, the face of each complaint shows that section 340.3 is the applicable statute of limitations because each of the section 340.3 criteria is met. Plaintiffs are victims for purposes of restitution, and in each case they have brought (1) an action for damages; (2) which is based on allegations of defendant Guardian's commission of a felony offense (elder abuse in violation of Pen. Code, § 368); and (3) which alleges that Guardian was convicted of violating Penal Code 368 by committing criminal elder abuse with respect to each plaintiff's decedent.

However, petitioner Guardian rejects this conclusion on grounds that plaintiffs' claims are based on professional negligence, consisting of "the provision of supposedly inadequate professional services," and therefore the claims are within the scope of MICRA and section 340.5 is the applicable statute of limitations. Guardian contends that section 340.3 cannot be applied to extend the limitations period for professional negligence actions because that result would be contrary to the purpose of MICRA. In Guardian's words, "[a]pplying section 340.3 could not be more completely at odds with MICRA, undercutting its core Legislative goal. It would reintroduce uncertainty and unpredictability into the limitations process that MICRA expressly sought to weed out. As long as a criminal charge is pending or could still be filed, as long as a criminal judgment is stayed, the potential for open-ended civil litigation would remain." To avoid this result, Guardian urges that the MICRA statute of limitations must apply, in the same way that the procedural limitations of section 425.13 have been held to apply to a punitive damages claim against a health care provider in an action that alleges intentional torts (*Central Pathology Service Medical Clinic, Inc. v. Superior Court* (1992) 3 Cal.4th 181, 191-192 [10 Cal.Rptr.2d 208, 832 P.2d 924]) or civil elder abuse (*Community Care and Rehabilitation Center v. Superior Court* (2000) 79 Cal.App.4th 787, 796-797 [94 Cal.Rptr.2d 343]).

Additionally, Guardian contends that the intent of the voters in approving Proposition 8, as well as the intent of the Legislature in implementing Proposition 8 by enacting section 340.3, was to provide rights only to the

victims of violent crimes, based on the language of the ballot pamphlet for Proposition 8.[2] There was no intent to extend the limitations period for civil claims "involving regulatory professional negligence crimes," Guardian asserts, particularly for elder abuse, which was not made criminal until Penal Code section 368 was enacted in 1983, one year after Proposition 8 was passed in 1982.

Guardian further asserts that any apparent conflict between section 340.3 and section 340.5 must be resolved in favor of section 340.5, because section 340.5 is the statute of limitations which specifically governs professional negligence claims, while section 340.3 is directed at the general concern of restitution for crime victims. Finally, Guardian argues that section 340.3 cannot be applied to toll the three-year maximum limitations period of section 340.5, because the California Supreme Court in *Belton v. Bowers Ambulance Service, supra,* 20 Cal.4th 928, ruled that tolling is limited to the exceptions enumerated in section 340.5, none of which are applicable here.

Plaintiffs respond that their actions do not come within the scope of MICRA because their claims are based on intentional, felonious conduct rather than professional negligence, and therefore section 340.5 does not apply. They analogize their claims to an action based on battery by a health care provider, which appellate courts have ruled is an action not covered by MICRA. (*Perry v. Shaw* (2001) 88 Cal.App.4th 658 [106 Cal.Rptr.2d 70]; *Noble v. Superior Court* (1987) 191 Cal.App.3d 1189 [237 Cal.Rptr. 38].) Further, plaintiffs note that the California Supreme Court distinguished between elder abuse and professional negligence when it ruled in *Delaney v. Baker* (1999) 20 Cal.4th 23 [82 Cal.Rptr.2d 610, 971 P.2d 986] that health care providers are not exempted by MICRA from the heightened civil remedies for elder abuse that are authorized by the Elder Abuse and Dependent Adult Civil Protection Act of 1982 (Elder Abuse Act), Welfare and Institutions Code section 15600 et seq. The heightened civil remedies for elder abuse are available when the health care provider's conduct goes beyond the simple professional negligence which is covered by MICRA, to the more egregious conduct of neglect of an elder person that is reckless or done with oppression, fraud or malice. (*Delaney v. Baker, supra,* 20 Cal.4th at p. 32.) Plaintiffs assert that their claims similarly go beyond professional negligence and are not covered by MICRA because they allege intentional conduct by Guardian, consisting of willful injury to or endangerment of an elder person in Guardian's custody in violation of Penal Code section 368.

The parties' fundamental disagreement concerns whether the two statutes of limitations conflict. Guardian contends that section 340.3 and section

---

[2]We granted petitioner's request for judicial notice of the text of the California Ballot Pamphlet, Primary Election, June 8, 1982, concerning Proposition 8, and selected portions of the legislative history for section 340.3 (Evid. Code, § 452).

340.5 conflict when applied to actions that, as here, are based on professional negligence claims against a health care provider, and that section 340.5 must prevail because MICRA expressly governs all professional negligence claims against health care providers. Plaintiffs, on the other hand, find no conflict because they contend that MICRA applies only to cases based on professional negligence, while their claims are based on a health care provider's commission of and felony conviction for willful injury to or endangerment of an elder person. We agree with plaintiffs that there is no conflict between the two statutes of limitations when they are applied to an action for damages in which it is alleged that a defendant health care provider has been convicted of a felony violation of Penal Code section 368.

The factual allegations in plaintiffs' complaints include the allegation that Guardian has been convicted of a felony violation of Penal Code section 368. Penal Code section 368 provides, in pertinent part, that "[a]ny person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any elder or dependent adult, with knowledge that he or she is an elder or dependent adult, to suffer, or inflicts thereon [sic] unjustifiable physical pain or mental suffering, or having the care or custody of any elder or dependent adult, willfully causes or permits the person or health of the elder or dependent adult to be injured, or willfully causes or permits the elder or dependent adult to be placed in a situation in which his or her person or health is endangered, is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed six thousand dollars ($6,000), or by both that fine and imprisonment, or in the state prison for two, three or four years."

Penal Code section 368 therefore reaches two categories of offenders: "(1) any person who willfully causes or permits an elder to suffer, or who directly inflicts unjustifiable pain or mental suffering on any elder, and (2) the elder's caretaker or custodian who willfully causes or permits injury to his or her charge, or who willfully causes or permits the elder to be placed in a dangerous situation." (*People v. Heitzman* (1994) 9 Cal.4th 189, 197 [37 Cal.Rptr.2d 236, 886 P.2d 1229].) Penal Code section 368 was enacted "to protect the members of a vulnerable class from abusive situations in which serious injury or death is likely to occur." (*People v. Heitzman, supra,* 9 Cal.4th at p. 203.) Thus, criminal liability under section 368 is not based upon professional negligence within the meaning of section 340.5, that is, a negligent act or omission to act by a health care provider in the rendering of professional services. To be convicted of a violation of Penal Code section 368, the defendant custodian or caretaker must have willfully caused or permitted injury to or endangerment of an elder person.

The willful nature of criminal conduct in violation of Penal Code section 368 takes this conduct beyond the scope of professional negligence, and,

therefore, beyond the scope of MICRA. "[T]here is nothing in the legislative history of MICRA . . . to suggest the Legislature intended to exempt intentional wrongdoers from liability by treating such conduct as though it had been nothing more than mere negligence." (*Perry v. Shaw, supra,* 88 Cal.App.4th at p. 669.) ▆▆▆ Thus, where, as here, a complaint is based upon an allegation that a defendant health care provider was convicted of a felony violation of Penal Code section 368, the applicable statute of limitations is section 340.3, the special statute of limitations for felony crime victims, rather than section 340.5, the MICRA statute of limitations for medical malpractice actions.

Our conclusion is supported by the reasoning of the California Supreme Court in *Delaney v. Baker, supra,* 20 Cal.4th 23. In that decision, the court rejected the contention of defendant nursing home administrators that health care providers who recklessly neglect elders are exempt from the enhanced civil remedies provided by the Elder Abuse Act, Welfare and Institutions Code section 15657. (20 Cal.4th at pp. 30, 35.) Construing the provisions of Welfare and Institutions Code sections 15657 and 15657.2, the court stated that pursuant to section 15657, "if the neglect is 'reckless[],' or done with 'oppression, fraud or malice,' then the action falls within the scope of section 15657 and as such cannot be considered simply 'based on . . . professional negligence' within the meaning of section 15657.2. The use of such language in section 15657, and the explicit exclusion of 'professional negligence' in section 15657.2, make clear the Elder Abuse Act's goal was to provide heightened remedies for, as stated in the legislative history, 'acts of egregious abuse' against elder and dependent adults [citations], while allowing acts of negligence in the rendition of medical services to elder and dependent adults to be governed by laws specifically applicable to such negligence." (20 Cal.4th at p. 35.)

Thus, the Elder Abuse Act provides heightened civil remedies for "forms of abuse or neglect performed with some state of culpability greater than mere negligence." (*Delaney v. Baker, supra,* 20 Cal.4th at p. 32; see also *Mack v. Soung* (2000) 80 Cal.App.4th 966, 975 [95 Cal.Rptr.2d 830].) Similarly, Penal Code section 368 provides criminal penalties for conduct which is of greater culpability than mere negligence. We have found nothing in the language of Penal Code section 368 or its legislative purpose, or other authorities, to indicate that the Legislature intended health care providers to be exempt from the consequences of committing criminal elder abuse within the meaning of Penal Code section 368.

Nor is there anything in the language or legislative history of section 340.3 which precludes the victims of health care providers from taking advantage of the extended limitations period which section 340.3 authorizes

for civil actions for damages by felony crime victims against the perpetrators of the crimes. As we have discussed, while Guardian contends that section 340.3 was intended to apply only to actions by victims of violent crimes, we do not see that intent reflected in the plain language of section 340.3 or its legislative history. For these reasons, we do not perceive a conflict between section 340.3 and section 340.5 in the context of an action for damages based upon an allegation that a defendant health care provider was convicted of felony elder abuse in violation of Penal Code section 368. Section 340.3 is the applicable statute of limitations for such actions.

Applying section 340.3 to the cases at bar, we find that the complaints were timely filed within one year of the pronouncement of judgment on petitioner's felony convictions, and therefore we conclude that the trial court did not err in overruling petitioner's demurrers.

## IV. DISPOSITIONS

In *Guardian North Bay, Inc. v. Superior Court (Myers)*, H022416: The petition for writ of mandate, prohibition or other appropriate relief is denied. The temporary stay order is vacated. Costs are awarded to real party in interest.

In *Guardian North Bay, Inc. v. Superior Court (Spencer)*, H022417: The petition for writ of mandate, prohibition or other appropriate relief is denied. The temporary stay order is vacated. Costs are awarded to real party in interest.

In *Guardian North Bay, Inc. v. Superior Court (Case)*, H022418: The petition for writ of mandate, prohibition or other appropriate relief is denied. The temporary stay order is vacated. Costs are awarded to real parties in interest.

Premo, Acting P. J., and Mihara, J., concurred.

Petitioner's petition for review by the Supreme Court was denied March 27, 2002. Chin, J., did not participate therein.