Filed 1/22/15  Regan v. Osteon Surgery Center CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SUSANA REGAN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>OSTEON SURGERY CENTER,<br><br>    Defendant and Respondent. | B254440<br><br>(Los Angeles County<br>Super. Ct. No. LC098034) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Teresa A. Beaudet, Daniel J. Buckley and Amy Hogue, Judges.  Affirmed.

        Susana Regan, in pro. per., for Plaintiff and Appellant.

        La Follette, Johnson, De Haas, Fesler & Ames, Don Fesler and David J. Ozeran for Defendant and Respondent.

_____

Plaintiff and appellant Susana Regan sued defendant and respondent Osteon Surgery Center, Inc. Regan's operative first amended complaint alleged causes of action for general negligence and premises liability based on the predominant claim that an unknown Osteon employee sexually assaulted her while she was under general anesthesia at Osteon's medical facility. Osteon filed a demurrer based on the statute of limitations. The trial court sustained Osteon's demurrer without leave to amend. Regan appealed. We affirm.

## FACTS

On the morning of August 13, 2010, Regan went to Osteon's medical facility in Encino for knee surgery. The surgery was performed under general anesthesia. Regan was released from Osteon's facility early in the afternoon, and went straight home. At about 3:30 p.m., Regan went to lay down on her bed. "At that time, she noticed liquid discharging from her vagina, which was semen." Regan realized then that she had been sexually assaulted while she was unconscious.[1]

On August 7, 2012, Regan (represented by counsel) filed a complaint against Osteon alleging a cause of action for general negligence and for premises liability. Regan's complaint alleged the facts stated above. Further, the complaint alleged that Osteon breached a duty of care to screen, hire, train and supervise its employees.

On June 28, 2013, Regan (still represented by counsel) filed her operative first amended complaint. The substantive allegations in Regan's first amended complaint largely mirrored her original complaint. In Paragraph 9 of her first amended complaint, Regan expressly alleged that the person who had sexually assaulted her was an Osteon employee.

---

[1]     As we always do in reviewing a demurrer, we treat the facts that are alleged in the operative pleading as being true. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

Osteon filed a demurrer to Regan's first amended complaint. Osteon's argued that because Regan's complaint showed on its face that the alleged negligence, whether general negligence or premises liability principles, "arose in the rendering of professional services wherein [Osteon] was acting as a surgery center," the one-year statute of limitations period under Code of Civil Procedure section 340.5 applied, meaning that Regan's lawsuit was time-barred." Osteon argued that published cases defined the "rendering of professional services" — as a matter of law — to be mean something broader than the act of providing medical treatment. Osteon cited *So v. Shin* (2013) 212 Cal.App.4th 652 (*So*) and similar cases in support of its argument.

At a hearing in November 2013, the trial court sustained Osteon's demurrer without leave to amend. On December 30, 2013, the court signed and entered an order of dismissal based upon its demurrer ruling.

Regan, in pro. per., filed a timely notice of appeal.

## DISCUSSION

Regan contends the trial court's decision to sustain Osteon's demurrer must be reversed because the court erred in ruling that the one-year statute of limitations period prescribed by Code of Civil Procedure section 340.5 applied to her case.[2] As stated by Regan: "This case should be considered ordinary negligence with a two year statute of limitations." Regan's argument fails to persuade us to reverse the trial court's ruling.

A demurrer tests whether a pleading is legally sufficient to state a cause of action. (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.) A reviewing court's task on appeal is to determine whether the alleged facts are sufficient to state a cause of

---

[2] All further section references are to the Code of Civil Procedure. Section 340.5, provides: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of [the] action shall be three years after the date of injury or one year after the plaintiff discovers . . . the injury, whichever occurs first." Section 340.5 applies not only to individual doctors, nurses and other health care persons, but also to facilities which provide health care services, such as a skilled nursing facility (*Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 974-975) and a hospital (*Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50, 54 (*Murillo*)).

3

action.  (*McCall v. PacifiCare of Cal., Inc*. (2001) 25 Cal.4th 412, 415.)  This review is de novo, meaning the appellate court independently determines whether the complaint is legally sufficient to state a cause of action.  (*Wilner v. Sunset Life Ins. Co*. (2000) 78 Cal.App.4th 952, 958.)  Although the standard of appellate review is de novo, the scope of an appellate court's review is limited to those issues that have been adequately raised and supported by the appellant's opening brief.  (See Eisenberg, Horvitz & Wiener, Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2013) Scope and Limits of Appellate Review, §§ 8:17.1 to 8:17.2, pp. 8-6 to 8-7.)  An appellate court may not act as appellant's counsel by constructing arguments to challenge a judgment and overcome the presumption that the judgment is correct.  (*Ibid*., and cases cited therein.)

In the appeal before us today, Regan's opening brief does not contain persuasive and authoritative argument challenging the trial court's legal ruling to apply section 340.5 to her case.  Regan's bare assertion that her case is an ordinary negligence case does not explain where and how the trial court erred in deciding to follow the published law upon which Osteon based its demurrer.

Apart from Regan's opening brief, we find *So*, *supra*, 212 Cal.App.4th 652 supports the trial court's ruling on Osteon's demurrer.  In *So*, the plaintiff alleged that she woke up from anesthesia before a procedure was over.  Later, the plaintiff tried to talk to the anesthesiologist about waking up during the procedure.  The anesthesiologist became angry and shoved a container filled with the plaintiff's blood and tissue at her, then urged her not to report the incident.  (*Id*. at pp. 656-658.)  Nearly two years later, the plaintiff filed an action against the anesthesiologist, her medical group, and the hospital, alleging causes of action for negligence, assault, and intentional infliction of emotional distress. For purposes of Regan's current case, the relevant aspect of *So* is that the trial court there granted the hospital's motion for judgment on the pleadings on the plaintiff's negligence cause of action based on the statute of limitations, specifically the one-year limitations period prescribed by section 340.5.  (*Id*. at pp. 659-661.)  Division Four of our court affirmed judgment on the pleadings in favor of the hospital on the plaintiff's negligence cause of action.

4

In affirming that the plaintiff failed to state a cause of action because it was time-barred, Division Four explained that plaintiff based her "her direct negligence claim on the hospital's alleged failure to properly screen [the anesthesiologist] before engaging her and to properly supervise her after engaging her. Since hiring and supervising medical personnel, as well as safeguarding incapacitated patients, are clearly within the scope of services for which the hospital is licensed, its alleged failure to do so necessarily states a claim for professional negligence. Accordingly, plaintiff cannot pursue a claim of direct negligence against the hospital." (*So, supra*, 212 Cal.App.4th at p. 668.)

Regan's case is similar. She alleges that she was sexually assaulted by an unknown Osteon employee, and that Osteon negligently failed to screen, hire, train and supervise the employee. Since hiring and supervising personnel, as well as safeguarding incapacitated patients, were within the scope of services for which Regan went to Osteon, its alleged failure to do so necessarily states a claim for professional negligence, which is time-barred.

*Murillo, supra*, 99 Cal.App.3d 50 is also instructive. In *Murillo*, the plaintiff sued a hospital alleging that she was injured when a rail on her bed was not raised, and she fell out of her bed while asleep. The trial court granted a motion for summary judgment in favor of the hospital based on the statute of limitations. The Court of Appeal reversed, finding that there was a question of fact as to the date when the plaintiff discovered that she had been injured by the fall. In so ruling, however, the Court of Appeal recognized that the question of whether it was negligent to leave the bedrails down during the night while the plaintiff was sleeping was a question involving the hospital's duty of care to the patients under its care "and to take appropriate measures for their safety. Thus, the question is . . . one of professional negligence . . . and section 340.5 governs the running of the statute of limitations." (*Id*. at p. 56.)

Plainly, Regan's current case involves conduct by a direct perpetrator which is markedly more egregious than in *So* (someone allegedly committing a simple assault and inflicting emotional distress) or in *Murillo* (someone allegedly leaving a bedrail down), but the claim against the medical facility is materially the same – a failure to screen and

5

supervise personnel.  Because the medical facility's conduct is part of its duty of care to its patient, the claim is one for professional negligence.  As such, the claim is governed by the limitations period prescribed in section 340.5.

## DISPOSITION

The judgment of dismissal is affirmed.  Each party to bear its own costs on appeal.


BIGELOW, P.J.

I concur:


FLIER, J.

**RUBIN, J. – Concurring.**

I concur in the decision because appellant's complaint and appellate arguments are insufficient to avoid application of the rule articulated in *So v. Shin* (2013) 212 Cal.App.4th 652 (*So*) that hospitals sued for negligent hiring and supervision of employees who render medical-related care are subject to the one-year limitations period for claims based on professional negligence. (Code Civ. Proc., § 340.5.)

Although general negligence claims are subject to a two-year statute of limitations (Code Civ. Proc., §§ 335, 335.1), hospitals are sheltered under the shorter one-year limitations period because "hiring and supervising medical personnel, as well as safe-guarding incapacitated patients, are clearly within the scope of services for which the hospital is licensed." (*So, supra,* 212 Cal.App.4th at p. 668.) The rule has also been applied to claims based on the negligence of careless ambulance drivers (*Canister v. Emergency Ambulance Service, Inc.* (2008) 160 Cal.App.4th 388) and injuries caused when a hospital staffer failed to raise a patient's bedrails. (*Murillo v. Good Samaritan Hospital* (1979) 99 Cal.App.3d 50.)

However, this rule should not extend to all hospital employees regardless of their job duties. Although it clearly applies to doctors and nurses and has been extended by various Courts of Appeal to other hospital employees who attend to patients' needs in various capacities, the rule must have some limits. Should it apply to a patient who has been sexually assaulted by a hospital custodian or parking lot attendant? I think not because neither performs functions within the scope of services for which a hospital is licensed. Regan's alleged attacker is unknown and could have fallen into such a category. She has not raised this possibility, however, so I therefore concur in the majority's decision.


RUBIN, J.