Filed 5/5/22

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MATTHEW N. SIROTT et al., <br><br> Petitioners, <br><br> v. <br><br> THE SUPERIOR COURT OF CONTRA COSTA COUNTY, <br><br> Respondent; <br><br> BIMAL PATEL et al., <br><br> Real Parties in Interest. | A164037 <br><br> (Contra Costa County Super. Ct. No. MSC17-00404) |

The genesis of this case is a business dispute involving a group of medical doctors and associated entities. Plaintiffs Bimal Patel and EBO Properties North LLC (EBO) (plaintiffs) sued Matthew and Arlene Sirott and Robert Robles (defendants) after unsuccessfully seeking to lease a space in a building owned by 400 Taylor Holdings, LLC (Taylor LLC). The only claims at issue are derivative claims brought by EBO on behalf of Taylor LLC, alleging that the denial of the lease caused Taylor LLC to suffer economic injury. Defendants demurred to the claims on the ground that EBO lacked standing under Corporations Code[1] section 17709.02 to pursue them, because

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.A.

[1] All further statutory references are to the Corporations Code unless otherwise indicated.

1

during the litigation it relinquished its interest in and was no longer a member of Taylor LLC. In overruling the demurrer, the court determined that it had statutory discretion to allow EBO to maintain the derivative claims even though EBO was no longer a member of Taylor LLC.

Defendants filed a petition for writ of mandate in this court to challenge the trial court's ruling. In the published portion of our decision, we hold that section 17709.02 requires a party to maintain continuous membership in a limited liability company to represent it derivatively, just as section 800 requires a party to maintain continuous ownership in a corporation to represent it derivatively. (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1113–1114, 1119 (*Grosset*).) We further hold that the statutory discretion conferred on trial courts under section 17709.02, subdivision (a)(1), to permit "[a]ny member [of an LLC] who does not meet these requirements" to maintain a derivative suit does not permit courts to excuse a former member from the continuous membership requirement. While equitable considerations may warrant exceptions to the continuous membership requirement, no such considerations were presented here. Accordingly, we grant defendants' writ petition and direct the trial court to dismiss EBO's derivative claims, leaving it to the court to determine in the first instance whether the dismissal should be with or without prejudice.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

The underlying facts are taken from the third amended complaint, as well as the trial court's factual findings in ruling on a cause of action for reformation that was already tried.

Matthew Sirott (Sirott), Robles, and Patel are all medical doctors. In 2007, Sirott and Patel formed Taylor LLC, in which they each had a 50

2

percent membership interest. Until 2019, Taylor LLC was the sole owner of a Pleasant Hill office building in which Sirott, Robles, and Patel practiced.

Patel is also a member of EBO, a different limited liability company. He has a 50 percent interest in EBO, as does the other owner, John Ganey. Patel and Ganey belong to the same medical practice, East Bay Medical Oncology/Hematology Medical Associates, Inc. (EBMOH). In 2008, Sirott, Robles, and Patel executed an operating agreement listing Taylor LLC's members as EBO (50 percent), Sirott (25 percent), and Robles (25 percent). The following year, Sirott transferred his interest in Taylor LLC to his family trust, of which his wife Arlene Sirott is a co-trustee.[2]

In fall 2016, Patel proposed to Taylor LLC and Sirott that EBMOH lease a vacant space in the medical building. Sirott "refused to entertain the proposal," voicing concern that the proposed lease would "disadvantage[] another tenant, . . . the California Radiation Treatment Center, LLC" (CRTC), which was owned by Sirott, Robles, and EBMOH. EBMOH "was forced to seek other space for its venture," and the vacant space was leased to the medical practice of Sirott and Robles.

Plaintiffs and Ganey originally sued defendants in March 2017, asserting breach of fiduciary duty and other claims related to the refusal to lease the vacant space to EBMOH. That November, plaintiffs and Ganey filed a second amended complaint in which they alleged individual claims as

---

[2] The amendment to Taylor LLC's operating agreement made in conjunction with the 2009 transfer reflected that the Sirott family trust and Robles each had a 25 percent membership interest in the company but incorrectly stated that EBMOH, not EBO, had a 50 percent interest. Plaintiffs sought reformation to reflect that EBO is the correct entity, and in December 2019 the trial court found in their favor and ordered that the 2009 amendment be revised accordingly. The reformation claim is not at issue in this proceeding.

well as derivative claims on behalf of Taylor LLC, which was named as a nominal defendant. Two months later, after defendants demurred to the complaint, the trial court dismissed Ganey's derivative claims for lack of standing because Ganey was not a member of Taylor LLC.

Meanwhile, in September 2019, the medical building was sold. Before the sale occurred and for tax purposes, the parties entered an agreement (Taylor LLC distribution agreement) under which Taylor LLC distributed its 100 percent interest in the building equally to Patel, Ganey, the Sirott family trust, and Robles as tenants in common. The agreement provided that Taylor LLC was not thereby dissolved. On the same date and under a separate distribution agreement (EBO distribution agreement), EBO transferred its 50 percent membership interest in Taylor LLC to Patel and Ganey as individuals. Thus, after the property was sold, Patel, Ganey, Sirott's family trust, and Robles each held a 25 percent membership interest in Taylor LLC, and EBO held no interest in it.

In April 2021, after trial had been continued due to the COVID-19 pandemic, plaintiffs moved for leave to file a third amended complaint that would "modify [their] damage claims from derivat[ive] to individual claims and re-add Dr. Ga[]ney as a Plaintiff," asserting that the "[t]he claims were transferred/conveyed to Dr. Patel and Dr. Ganey as a result of the sale of [the medical building]." Plaintiffs also sought to add a new cause of action for declaratory relief involving Taylor LLC's operating agreement. In opposing the motion, defendants argued that no membership interest in Taylor LLC or ownership of its derivative claims was transferred in conjunction with the building's sale. Defendants also argued that Ganey, Patel, and EBO lacked standing to bring individual claims because the damages claims could "only be brought derivatively on [Taylor LLC's] behalf." (Boldface omitted.)

4

The trial court granted plaintiffs' motion in part, permitting plaintiffs to seek declaratory relief, but denied it "as to modifying [their] damage claims from derivative to individual claims of Dr. Patel and Dr. Ganey" and as to re-adding Ganey as a plaintiff. In concluding Patel and Ganey could not assert individual claims, the court explained that "[t]he gravamen of the wrong is Dr. Sirott's breach of duties to Taylor LLC, which is a derivative claim," and "[p]laintiffs have not alleged facts that show Patel and Ganey suffered harm different from that suffered by the LLC."

Thereafter, in June 2021, plaintiffs filed the operative complaint, which continued to name Taylor LLC as a nominal defendant. The complaint alleged derivative claims for breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, and gross negligence, and a claim for declaratory relief. Defendants demurred to the complaint, arguing as to the derivative claims that EBO lacked standing because it was no longer a member of Taylor LLC, and Patel lacked standing because he was not " 'a member of record, or beneficiary,' " of Taylor LLC " 'at the time of the transaction or any part of the transaction' " complained of. (Quoting § 17709.02, subd. (a)(1) (§ 17709.02(a)(1)).)

In September 2021, the trial court overruled the demurrer to the claim for declaratory relief but continued the hearing on the demurrer to the derivative claims to permit plaintiffs to file a motion for standing under section 17709.02. Plaintiffs then filed such a motion, in which they argued that EBO met the statutory requirements for the court to exercise its discretion to permit EBO to maintain the derivative claims. (See § 17709.02(a)(1).) Alternatively, they argued that either Patel and Ganey had standing to represent Taylor LLC based on the men's 2019 receipt of

5

EBO's transferred interest, or the court could reconsider its prior order and permit the two men to bring individual claims.

The hearing on defendants' demurrer to the derivative claims and plaintiffs' section 17709.02 motion was set for November 24, 2021, shortly before the trial date of December 6. In advance of the hearing, the trial court issued a tentative ruling granting the section 17709.02 motion in part to allow EBO to maintain the derivative claims. The court also issued a tentative ruling sustaining the demurrer without leave to amend as to Patel and overruling it as to EBO. Defendants contested the tentative rulings to the extent they permitted EBO to maintain derivative claims. After hearing argument, the court adopted the rulings as its final orders, which were entered shortly thereafter. Trial remained set on December 6.

Defendants filed the instant writ petition in this court on December 1, 2021, seeking to compel the superior court (1) to set aside its orders overruling their demurrer to EBO's derivative claims and granting EBO's motion for leave to maintain derivative claims and (2) to dismiss EBO's derivative claims for lack of standing. This court stayed the trial and issued an order to show cause why the relief sought in the petition should not be granted.[3]

## II.
### DISCUSSION

A. *Plaintiffs' Procedural Objections and Equitable Arguments for Why We Should Not Reach the Petition's Merits Are Unfounded.*

Before considering whether the trial court properly determined that EBO had standing to bring derivative claims on behalf of Taylor LLC, we

___

[3] This matter was originally assigned to Division Three of this court. After the order to show cause issued, it was transferred to this division due to recusals in Division Three.

6

address plaintiffs' preliminary arguments that (1) we are "not empowered to issue a writ of prohibition or mandate" in response to a trial court's exercise of discretion; (2) Arlene Sirott and Robles are not proper petitioners; (3) judicial estoppel precludes defendants from challenging EBO's standing because they previously argued that EBO had standing to bring derivative claims; and (4) we must deny the petition under principles of unclean hands and equitable estoppel.  All of these contentions lack merit.

   1.  The petition validly seeks a writ of mandate.

 Defendants describe the petition as one for "writ of prohibition, mandate, or other appropriate relief."  A writ of prohibition "arrests the proceedings of any tribunal . . . when such proceedings are without or in excess of the jurisdiction of such tribunal."  (Code Civ. Proc., § 1102.)  A writ of mandate may issue to a lower court to "compel the performance of an act which the law specially enjoins."  (*Id.*, § 1085.)  Thus, a writ of prohibition prevents a court from acting, and a writ of mandate requires a court to act.

 "A writ of mandate compelling dismissal achieves the same result as a writ of prohibition preventing the [lower] court from taking further action on the complaint, and either writ may be appropriate when a court lacks subject matter jurisdiction" or has acted in excess of jurisdiction, such as by allowing an action to proceed even though the plaintiff lacks standing.  (*Big Valley Band of Pomo Indians v. Superior Court* (2005) 133 Cal.App.4th 1185, 1189, fn. 1; 8 Witkin, Cal. Procedure (6th ed. 2022) Extraordinary Writs, § 240; see *Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.* (2021) 71 Cal.App.5th 528, 541–542 [trial court lacks jurisdiction over cause of action when statutory prerequisites not satisfied].)  Here, since defendants seek to "command[]" the trial court to sustain their demurrer to EBO's

derivative claims, we will treat the petition as one for a writ of mandate. (See *Big Valley Band*, at p. 1189, fn. 1.)

Plaintiffs argue that we lack the power to issue a writ of mandate because the writ "will only lie to 'control judicial discretion when that discretion has been abused.' " Although plaintiffs are correct that " 'mandamus does not generally lie to control the exercise of judicial discretion, the writ will issue "where, under the facts, that discretion can be exercised in only one way." ' " (*Diaz-Barba v. Superior Court* (2015) 236 Cal.App.4th 1470, 1483.) Here, defendants contend that the trial court erred in overruling the demurrer to the derivative claims because EBO lacks standing to bring those claims as a matter of law, an error that lies squarely within the category of those reviewable by a petition for writ of mandate. (See 8 Witkin, Cal. Procedure (6th ed. 2022) Extraordinary Writs, § 100 ["'abuse of discretion'" under Code Civ. Proc., § 1085, "means only that the decision is wrong in law and would be reversed by the reviewing court if its review power were invoked by the normal process of appeal"].)

Plaintiffs also cursorily claim that the petition does not raise "a jurisdictional issue," and they "deny that an appeal would be an insufficient remedy." We agree with defendants that plaintiffs waived these arguments by failing to develop them. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.) Therefore, we conclude that the petition is an appropriate vehicle by which defendants may seek relief.

2. Arlene Sirott and Robles have standing as petitioners.

Plaintiffs also claim that Arlene Sirott and Robles are not proper parties to this writ proceeding because they were included as defendants in the reformation cause of action, which has already been resolved, and "the remaining causes of action which are to proceed to trial are alleged against

8

[Sirott] only." To have standing to seek a writ of mandate, a party must be "beneficially interested" in the proceeding (Code Civ. Proc., § 1086), which requires the party to have " 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' " (*Save the Plastic Bag Coalition v. City of Manhattan Beach* (2011) 52 Cal.4th 155, 165.) Here, not only are Arlene Sirott and Robles named as defendants in the pending cause of action for declaratory relief, both also have an interest in the litigation's outcome more generally, including because the Sirott family trust and Robles are members of Taylor LLC. Therefore, we conclude that Arlene Sirott and Robles have standing to bring the petition.

> 3. Defendants did not take inconsistent positions to which judicial estoppel applies.

Plaintiffs next argue that judicial estoppel precludes defendants from claiming that EBO lacks standing to bring the derivative claims. We are not persuaded.

"Judicial estoppel is an equitable doctrine designed to maintain the integrity of the courts and to protect the parties from unfair strategies," and it "prohibits a party from asserting a position in a legal proceeding that is contrary to a position [the party] successfully asserted in the same or some earlier proceeding." (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121.) The doctrine's elements are " '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' " (*Ibid.*) Even if these elements are satisfied, a court has discretion not to apply judicial estoppel. (*Ibid.*)

9

According to plaintiffs, defendants "clearly [took] two totally inconsistent positions in the matter" by (1) opposing plaintiffs' motion to amend the complaint to add individual claims by Patel and Ganey on the basis "that only EBO had standing to bring and maintain the derivative [claims]," a position the trial court accepted; and (2) thereafter arguing that EBO lacks standing to bring derivative claims. Plaintiffs inaccurately describe defendants' arguments in opposing the motion to amend. In fact, defendants argued only that Patel, Ganey, and EBO lacked standing to bring individual claims and that the derivative claims were owned exclusively by Taylor LLC. Defendants did not take any position on who *did* have standing to bring derivative claims on Taylor LLC's behalf, much less specifically claim that EBO had such standing. Thus, the alleged inconsistency does not exist, and the elements of judicial estoppel are not met.

    4.    Equitable doctrines do not bar defendants from challenging EBO's standing to maintain derivative claims.

Finally, plaintiffs claim that the doctrines of equitable estoppel and unclean hands bar defendants from seeking relief, based on defendants' alleged misconduct in conjunction with the 2019 transactions leading up to the medical building's sale. We conclude that neither doctrine precludes defendants from seeking to dismiss EBO's derivative claims.

Plaintiffs argue that defendants should not be allowed to contest EBO's standing because (1) defendants' attorney "insisted" on the 2019 distributions by which EBO lost its interest in Taylor LLC; and (2) in spring 2019, the parties signed an agreement (the no prejudice agreement) that the Taylor LLC and EBO distribution agreements would not "prejudice any [p]arty with respect to any claims or defenses such [p]arty may have . . . in

10

conjunction with" this litigation.[4]  According to plaintiffs, defendants are in breach of the no prejudice agreement by attempting to take advantage of distributions that they urged.

Under the doctrine of equitable estoppel, " '[w]henever a party has, by [the party's] own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, [the party] is not, in any litigation arising out of such statement or conduct, permitted to contradict it.' [Citation.] ' "Generally speaking, four elements must be present in order to apply the doctrine . . . :  (1) the party to be estopped must be apprised of the facts; (2) [the party] must intend that [its] conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) [the other party] must rely on the conduct to [its] injury." ' " (*Honeywell v. Workers' Comp. Appeals Bd.* (2005) 35 Cal.4th 24, 37.)

" 'The [unclean hands] doctrine demands that a [party] act fairly in the matter for which [the party] seeks a remedy.  [The party] must come into court with clean hands, and keep them clean, or . . . be denied relief, regardless of the merits of [the] claim.' " (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 56.)  The required misconduct " 'must relate

---

[4] Plaintiffs also argue that "by signing the No Prejudice Agreement, while knowing that their attorney had required that . . . Taylor LLC make distributions to individual members, [defendants] consented to allow the trial court to maintain its jurisdiction of the matter for the remainder of the action" and are therefore "estopped from now claiming the . . . court has lost its jurisdiction to decide if EBO can maintain the derivative action." Defendants do not, however, claim that the trial court lacks jurisdiction over the matter generally or did not have the power to resolve the issue of EBO's standing.

11

directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants.' " (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 685.) "The misconduct must also ' " ' "prejudicially affect . . . the rights of the person against whom relief is sought so that it would be inequitable to grant such relief." ' " ' " (*Ibid.*)

We conclude that plaintiffs have forfeited their claims that these equitable doctrines bar defendants from raising the issue of EBO's standing. Both doctrines present questions of fact. (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 978 [unclean hands]; *Cuadros v. Superior Court* (1992) 6 Cal.App.4th 671, 675 [equitable estoppel].) As a result, they generally must first be raised in the trial court. (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 353 [equitable estoppel]; *Fibreboard Paper Products Corp. v. East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 726 [unclean hands].) Plaintiffs did not argue below that either doctrine prevented defendants from contesting EBO's standing. Although they argued that equitable considerations justified the trial court's exercise of discretion to permit EBO to maintain the derivative claims, they did not argue that the elements of either unclean hands or equitable estoppel were met. And although plaintiffs mentioned the no prejudice agreement in their motion for standing under section 17709.02, they did not make any legal argument based upon it. Thus, the trial court had no occasion to consider whether either doctrine applied.

Moreover, even if we were otherwise inclined to consider these issues for the first time on review, the record is insufficient to demonstrate that either equitable estoppel or unclean hands applies. In claiming that these doctrines bar defendants from relief, plaintiffs rely on an email chain

12

purportedly showing that defendants' attorney "insisted" on the 2019 distributions by which EBO came to lose its interest in Taylor LLC. But this document was not introduced below, and "[w]rit review does not provide for consideration of evidence not before respondent court at the time of its ruling." (*Pomona Valley Hospital Medical Center v. Superior Court* (2013) 213 Cal.App.4th 828, 835, fn. 5.)

The remaining evidence on which plaintiffs rely is the no prejudice agreement, titled "Agreement re 400 Taylor Holdings LLC," which was introduced through Sirott's declaration in opposition to plaintiffs' motion for standing. In relevant part, the agreement provides that it, the Taylor LLC distribution agreement, and "any other instruments or agreements pertaining to a conveyance of the [medical building] . . . will not prejudice any [p]arty with respect to any claims or defenses such [p]arty may have (or claim to have) in conjunction with [this litigation], with all [p]arties reserving all rights and remedies in conjunction with [this litigation], notwithstanding the execution of [the aforementioned agreements]."[5]

Plaintiffs contend that defendants breached the no prejudice agreement by relying on the Taylor LLC and EBO distribution agreements "to support their demurrer . . . in an effort to have the entire action thrown out of court, clearly [seeking] to prejudice [plaintiffs'] claims." The no prejudice agreement cannot bear the weight plaintiffs place upon it. Even if we were to assume that defendants breached the agreement by raising the question of standing, plaintiffs have failed to establish the required elements for

---

[5] The quoted clause also refers to "the Disclaimer Agreement," which is defined as another agreement that EBO and "another entity in which Ganey and Patel are shareholders are entering . . . of which Sirott, the Sirott Trustees and Robles are third-party beneficiaries." The parties do not explain what this agreement is.

13

equitable estoppel, which turn on the parties' knowledge and intent. (See *Honeywell v. Workers' Comp. Appeals Bd.*, *supra*, 35 Cal.4th at p. 37.)

Likewise, the claimed breach alone does not establish unclean hands. That doctrine "protects judicial integrity and promotes justice" and "protects the court's, rather that the opposing party's, interests." (*Kendall-Jackson Winery, Ltd. v. Superior Court*, *supra*, 76 Cal.App.4th at p. 978.) Thus, "[n]ot every wrongful act constitutes unclean hands." (*Id.* at p. 979.) Absent any cognizable evidence that defendants engineered the EBO distribution agreement to gain a wrongful advantage in this case, we decline to conclude that the unclean hands doctrine bars them from contesting EBO's standing.

B.    *EBO Lacks Standing to Maintain the Derivative Claims Because It Is No Longer a Member of Taylor LLC.*

Having concluded that no procedural or equitable considerations preclude our review of the petition's merits, we turn to consider whether EBO retained standing to pursue the derivative claims against Taylor LLC after it relinquished its interest in Taylor LLC. We conclude it did not.

1.    Standard of review

In this writ proceeding, " 'the ordinary standards of demurrer review still apply,' " under which we review de novo an order overruling a demurrer. (*San Bernardino County v. Superior Court* (2015) 239 Cal.App.4th 679, 683– 684; *Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 971.) In doing so, we "accept[] as true all facts properly pleaded in the complaint in order to determine whether the demurrer should be overruled." (*Guardian North Bay*, at p. 971.) Standing is a question of law that is also reviewed de novo. (*Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 150–151 (*Schrage*).)

Plaintiffs argue that the applicable standard of review is abuse of discretion, not de novo. We would agree if we were reviewing a finding that

14

EBO made the five showings under section 17709.02(a)(1) required for the trial court to exercise its discretion to allow a member of an LLC to maintain a derivative claim. But as we will explain, section 17709.02 requires a party to have *both* contemporaneous and continuous membership in a limited liability company to have standing to bring derivative claims, and the statute confers discretion on a court to excuse only the former requirement. Therefore, whether EBO had standing after it was no longer a member of Taylor LLC—the issue presented in this matter—does not implicate the court's statutory discretion, and we review the issue de novo.

> 2. Principles governing standing to bring derivative claims on behalf of a limited liability company.

" 'A limited liability company is a hybrid business entity formed under the Corporations Code and consisting of at least two "members" [citation] who own membership interests [citation]. The company has a legal existence separate from its members. Its form provides members with limited liability to the same extent enjoyed by corporate shareholders [citation], but permits the members to actively participate in the management and control of the company.' " (*PacLink Communications Internat., Inc. v. Superior Court* (2001) 90 Cal.App.4th 958, 963; see generally § 17701.01 et seq.)

"The principles governing derivative actions in the context of corporations apply to limited liability companies." (*Schrage, supra*, 69 Cal.App.5th at p. 150; *PacLink Communications Internat., Inc. v. Superior Court, supra*, 90 Cal.App.4th at p. 963.) Under these principles, a corporation's shareholders "have no direct cause of action or right of recovery against those who have harmed [the corporation]," but they can "bring a derivative suit to enforce the corporation's rights and redress its injuries when the [corporation] fails or refuses to do so." (*Grosset, supra*, 42 Cal.4th at p. 1108.) " ' "[T]he action is derivative, i.e., in the corporate right, if the

15

gravamen of the complaint is injury to the corporation . . . ." [Citations.]  ". . . The stockholder's individual suit, on the other hand, is a suit to enforce a right against the corporation which the stockholder possesses as an individual." ' " (*PacLink*, at p. 964.)  As noted above, the trial court concluded that the gravamen of the harm alleged in the derivative claims was to Taylor LLC, not to Patel or Ganey individually, a ruling plaintiffs do not challenge.

Section 17709.02 establishes the requirements for a member to pursue a derivative suit on behalf of a limited liability company.  (See *Grosset*, *supra*, 42 Cal.4th at p. 1110; *Schrage*, *supra*, 69 Cal.App.5th at p. 158.)  The statute provides that "[n]o action shall be instituted or maintained in right of any domestic or foreign limited liability company by any member of the limited liability company unless" two conditions are met.  (§ 17709.02, subd. (a).)  Only the first condition (under subdivision (a)(1) of the statute) is at issue here, as it is uncontested that plaintiffs sufficiently pleaded the existence of the second condition (under subdivision (a)(2)), which involves a plaintiff's pre-litigation actions.

We hold that section 17709.02 requires both "contemporaneous" membership—meaning the party seeking to bring a derivative claim was a member in the LLC at the time of the challenged transaction (or became a member by gaining an interest from a party who was a member at the time of the transaction)—and "continuous" membership—meaning the party was a member throughout the litigation of a derivative claim.  The recognition of these two components is compelled by the text of the statute and the Supreme Court's interpretation of section 800, which is similarly worded and sets forth the requirements for a party to have standing to bring a shareholder's derivative action on behalf of a corporation.

16

The text of section 17709.02(a)(1) requires a plaintiff to allege that it "was a member of record, or beneficiary, at the time of the transaction or any part of the transaction of which the plaintiff complains, or that the plaintiff's interest later devolved upon the plaintiff by operation of law from a member who was a member at the time of the transaction or any part of the transaction complained of." However, "[a]ny member who does not meet these requirements may nevertheless be allowed in the discretion of the court to maintain [an] action on a preliminary showing to and determination by the court" of five enumerated circumstances, including that "[t]he plaintiff acquired the interest before there was disclosure to the public or to the plaintiff of the wrongdoing of which plaintiff complains" and that "the defendant may retain a gain derived from defendant's willful breach of a fiduciary duty" if the action does not proceed. (§ 17709.02(a)(1).)

In *Grosset*, the Supreme Court interpreted section 800, whose standing requirements closely parallel those of section 17709.02. (*Grosset, supra*, 42 Cal.4th at p. 1110.) Under section 800, subdivision (b), "[n]o action may be instituted or maintained in right of any domestic or foreign corporation by any holder of shares or of voting trust certificates of the corporation unless" two conditions are met. The first condition, under subdivision (b)(1) of section 800, requires that "[t]he plaintiff alleges in the complaint that plaintiff was a shareholder, of record or beneficially, or the holder of voting trust certificates at the time of the transaction or any part thereof of which plaintiff complains or that plaintiff's shares or voting trust certificates thereafter devolved upon plaintiff by operation of law from a holder who was a holder at the time of the transaction or any part thereof complained of." And like section 17709.02, section 800 provides that "any shareholder who does not meet these requirements may nevertheless be allowed in the

17

discretion of the court to maintain the action on a preliminary showing to and determination by the court" of five nearly identical enumerated circumstances, including that "the plaintiff acquired the shares before there was disclosure to the public or to the plaintiff of the wrongdoing of which plaintiff complains" and that "unless the action can be maintained the defendant may retain a gain derived from defendant's willful breach of a fiduciary duty." (§ 800, subd. (b)(1); compare § 17709.02(a)(1).)

*Grosset* held that standing to maintain a derivative suit under section 800, subdivision (b)(1), requires both "contemporaneous ownership" and "continuous ownership," which are the same as the concepts of contemporaneous and continuous membership described above except applied to stock ownership. (*Grosset*, *supra*, 42 Cal.4th at pp. 1109–1111, 1119.) The contemporaneous ownership requirement derives from section 800, subdivision (b)(1)'s mandate that the plaintiff either "was a shareholder . . . at the time of the transaction" or later received shares "by operation of law from a holder who was a holder at the time of the transaction." (*Grosset*, at pp. 1110–1111.) The continuous ownership requirement derives from section 800, subdivision (b)'s provision that an action may not be "instituted or maintained" unless the plaintiff meets the two conditions listed thereafter. (*Grosset*, at pp. 1111, 1113–1114.)

*Grosset*'s analysis applies here since the relevant provisions of section 17709.02 and section 800 are nearly identical, and the general rule is that derivative actions on behalf of limited liability companies are subject to the same principles governing those on behalf of corporations. Plaintiffs argue that *Grosset*'s analysis is inapplicable because "[c]orporations and LLCs are different, [and] therefore, different rules apply to each." Although it is true that not "all laws that apply to corporations also apply to LLCs,"

18

plaintiffs do not identify any distinction between the two types of business entities that would support different interpretations of essentially the same language in sections 800 and 17709.02. Therefore, both contemporaneous membership and continuous membership are required for a plaintiff to have standing in a derivative action on behalf of an LLC.

We thus turn to whether EBO had standing to maintain derivative claims on behalf of Taylor LLC. It is uncontested that EBO meets the contemporaneous membership requirement under section 17709.02. EBO was a member of Taylor LLC from 2009 until 2019, and all the "transactions" plaintiffs challenge occurred during that time period. It is also clear that EBO does not meet the continuous membership requirement, because in 2019 it relinquished its membership interest in Taylor LLC.

The only issue left for us to resolve, therefore, is whether the trial court could nevertheless conclude that EBO had standing to maintain the derivative claims on behalf of Taylor LCC based on statutory or equitable considerations. In assuming it could so conclude, the court explained it was exercising its discretion under section 17709.02(a)(1) to permit EBO to maintain the derivative claims because plaintiffs made the five showings necessary for it to do so under that provision. The court expressed its belief that "[section] 17709.02 gives the Court discretion to allow a member of [an] LLC who does not meet the requirements of contemporaneous and continuous ownership to maintain its action."

But a court's discretion to permit a derivative action by "[a]ny member who does not meet these requirements" (§ 17709.02(a)(1)) does not include the discretion to confer standing on a plaintiff who is not a member. The quoted language refers to a "*member*," not a "plaintiff," who fails to "meet these requirements." (*Ibid.*, italics added.) Likewise, the first sentence of

19

section 17709.02, subdivision (a), provides that "[n]o action shall be instituted or maintained . . . by any *member* of the limited liability company" unless two conditions are met. (Italics added.) These passages presuppose that the court's discretion extends to current members of the LLC, not to plaintiffs who are no longer members. EBO does not qualify as a "member who does not meet these requirements" who may nevertheless maintain derivative claims in the court's discretion. (§ 17709.02(a)(1).)

Even apart from these references to a "member," section 17709.02 authorizes a trial court to exercise its discretion to allow only a party "who does not meet *these requirements*" to maintain derivative claims. (§ 17709.02(a)(1), italics added.) This authorization immediately follows the sentence describing the *contemporaneous* membership requirement, which requires either that "the plaintiff was a member of record, or beneficiary, at the time of the [complained of] transaction . . . or that the plaintiff's interest later devolved upon the plaintiff by operation of law from a member who was a member at the time of the transaction." (*Ibid.*) Thus, "these requirements" is more naturally read to refer to the requirements that either the plaintiff or the party from which the plaintiff gained an interest in the limited liability company was a member at the time of the challenged transaction, not to the continuous membership requirement, which is based on the introductory paragraph of subdivision (a). (See *Grosset*, *supra*, 42 Cal.4th at p. 1111.)

*Grosset* supports this interpretation. Referring to the five showings a plaintiff must make for a court to exercise its discretion to confer standing under section 800, subdivision (b)(1), *Grosset* stated that that provision's "*contemporaneous ownership* requirement will not defeat standing in certain circumstances where the defendant would otherwise be able to retain a gain from a willful breach of fiduciary duty and where the plaintiff became a

20

shareholder before disclosure of the alleged wrongdoing." (*Grosset*, *supra*, 42 Cal.4th at p. 1111, italics added.) While not directly addressing the issue, the Supreme Court clearly suggested that a court has discretion to forgive the contemporaneous ownership requirement, not the continuous ownership requirement. Accordingly, we conclude that the trial court erred by determining that EBO has standing to maintain the derivative claims even though it is no longer a member of Taylor LLC.[6]

We recognize that "equitable considerations may warrant an exception to the continuous ownership requirement if [a] merger itself is used to wrongfully deprive [a] plaintiff of standing, or if the merger is merely a reorganization that does not affect the plaintiff's ownership interest." (*Grosset*, *supra*, 42 Cal.4th at p. 1119.) Although *Grosset* declined to address these issues "definitively" as they were not implicated in that case (*ibid.*), a subsequent Court of Appeal decision held that equitable considerations permitted the plaintiffs in the case before it, former shareholders of a corporation, to maintain a derivative suit. (*Haro v. Ibarra* (2009) 180 Cal.App.4th 823, 826, 837.) In *Haro*, the corporation's other shareholders, who were also officers and directors, had "levied an assessment of $57,291.67 per share against [the plaintiffs]," and when the plaintiffs refused to pay "the controlling directors consequently declared [the plaintiffs'] shares to be forfeited." (*Id.* at p. 826.) Although the trial court concluded that the plaintiffs "lacked standing because they had not paid the assessment and were no longer shareholders," *Haro* concluded that they had "alleged

---

[6] We express no opinion on whether, in light of our conclusion that section 17709.02(a)(1) confers discretion to excuse the contemporaneous membership requirement, the trial court here can or should reconsider its dismissal of Patel's derivative claims on the basis that he did not meet that requirement.

equitable considerations that warrant[ed] an exception to the continuous ownership requirement" and reversed the dismissal of their suit. (*Id.* at pp. 826, 837.)

The equitable considerations contemplated in *Grosset* and *Haro* involved a plaintiff's being wrongfully deprived of, or not actually losing, its interest in the corporation. (See *Grosset*, *supra*, 42 Cal.4th at p. 1119; *Haro v. Ibarra*, *supra*, 180 Cal.App.4th at p. 826.) Here, however, the complaint does not allege that defendants engaged in any wrongdoing involving EBO's distribution of its interest in Taylor LLC to Patel and Ganey. Although plaintiffs raised equitable issues in both their motion for standing and their briefing in this writ proceeding, none of their concerns are sufficiently established on this record to warrant an exception to the continuous membership requirement under *Grosset*. We express no opinion on whether plaintiffs may be able to amend the complaint to allege such an exception, however, and the trial court shall determine in the first instance whether to dismiss EBO's derivative claims with or without prejudice.

## III.
### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its order granting in part plaintiffs' motion for standing under section 17709.02 and its order overruling defendants' demurrer to EBO's derivative claims and to enter an order that sustains that demurrer. The court may determine in the first instance whether the demurrer to EBO's derivative claims should be sustained with or without leave to amend.

Upon finality of this opinion, the stay of the trial in respondent superior court is vacated. Petitioners shall be entitled to their costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*Sirott v. Superior Court*  A16403

Trial Court:

Superior Court of the County of Contra Costa


Trial Judge:

Hon. Steven K. Austin


Counsel for Petitioners:

Philip Borowsky, Philip Borowsky, a Professional Corporation
Christopher J. Hayes, Ragghianti Freitas LLP


Counsel for Real Parties in Interest:

Richard T. Bowles, Cheryl A. Noll, Bowles & Verna LLP

*Sirott v. Superior Court*  A164037