Filed 5/19/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| PAUL CARDENAS et al.,<br><br>  Plaintiffs and Appellants,<br><br>v.<br><br>HORIZON SENIOR LIVING, INC.,<br><br>  Defendant and Respondent. | 2d Civ. No. B312091<br>(Super. Ct. No. 20CV0138)<br>(San Luis Obispo County) |

The victim of a felony has an extended statute of limitations in which to bring an action for personal injury or wrongful death against the person convicted of that felony. (Code Civ. Proc., § 340.3.)[1] Here we hold this extended statute of limitations does not apply to the employer of the felon in an action based on the doctrine of respondeat superior. We also hold that Labor Code section 2802, which allows an employee to be indemnified by his or her employer, does not apply to third parties. We affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

*FACTS*

Mauricio Cardenas was a resident of Horizon Senior Living, Inc., doing business as Manse on Marsh (Horizon). Cardenas suffered from dementia. On many occasions, Cardenas left Horizon without knowledge of the staff. On December 21, 2014, on his last unsupervised foray away from the facility, he wandered for several miles and was hit by a car and killed.

Christopher Skiff was the director of Horizon. Gary Potts was the manager. Skiff was convicted of felony elder abuse and manslaughter in Cardenas's death with the special allegation that the elder abuse was likely to cause great bodily injury or death. Potts was convicted of felony elder abuse. Horizon was not convicted of any crime.

Paul and Samuel Cardenas, heirs of Mauricio Cardenas, (Plaintiffs) brought this action against Horizon, Skiff and Potts, alleging negligence, willful misconduct, elder abuse, and wrongful death. The first amended complaint alleges that Horizon was not licensed to care for dementia patients; that defendants failed to comply with the standard of care; and that defendants knew or should have known the risk of injury for failure to comply with the standard of care.

Horizon demurred to the complaint on the ground that it is barred by the two-year statute of limitations. (§ 335.1.) Plaintiffs concede that more than two years have passed since they filed their complaint despite the expiration of the two-year statute of limitations. Plaintiffs argued, however, that Skiff's and Potts's felony convictions revived the statute of limitations under section 340.3. Plaintiffs claimed that because Horizon was liable under the doctrine of respondeat superior, the statute of limitations was also revived as to Horizon.

Horizon replied that because it had not been convicted of any crime, section 340.3 did not revive the statute of limitations as to it.

The trial court agreed with Horizon and sustained its demurrer without leave to amend. Plaintiffs appeal the order sustaining the demurrer.

## DISCUSSION

### I

### *Appealability*

Horizon contends an order sustaining a demurrer is not appealable.

It is well known that an order sustaining a demurrer is not appealable. (*Hill v City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) An appeal can only be taken after the court enters judgment on the order sustaining the demurrer. (*Ibid.*) Nevertheless, in the interest of judicial economy, we may construe the order sustaining the demurrer without leave to amend as a final appealable judgment. (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 527-528.) We elect to do so here.

### II

### *Standard of Review*

The function of a demurrer is to test whether, as a matter of law, the facts alleged in the complaint state a cause of action under any legal theory. (*Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1052.) We assume the truth of all facts properly pleaded, as well as facts of which the trial court properly took judicial notice. (*Ibid.*) But we do not assume the truth of contentions, deductions, or conclusions of law. (*Ibid.*) Our review of the trial court's decision is de novo. (*Ibid.*)

3.

We review the trial court's decision to allow an amendment to the complaint for an abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 273-274, disapproved on other grounds in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939.) Where there is no reasonable possibility that plaintiff can cure the defect with an amendment, sustaining a demurrer without leave to amend is not an abuse of discretion. (*Id.* at p. 274.)

## III

### *Statute of Limitations*

Section 335.1 provides a two-year statute of limitations for injury or wrongful death. Plaintiffs do not contest that statute of limitations has expired.

Section 340.3, subdivision (a) provides: "Unless a longer period is prescribed for a specific action, in any action for damages against a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced."

Plaintiffs filed their original complaint almost six years after Cardenas's death. We assume, for purposes of this appeal only, that the complaint against Skiff and Potts was timely under section 340.3. But Horizon is another matter.

Section 340.3, subdivision (a) provides for a longer statute of limitations in an "action for damages against a defendant based upon the defendant's commission of a felony offense for which the defendant has been convicted." The action against Horizon is not based on Horizon's commission of a felony offense for which Horizon has been convicted. Section 340.3 does not apply to Horizon.

4.

Plaintiffs point out that actions for respondeat superior have no statute of limitations. But there is a statute of limitations on actions for personal injury and wrongful death against defendants who, like Horizon, have not been convicted of a felony. It is two years. (§ 335.1.)

Plaintiffs' reliance on the Victims' Bill of Rights embodied in article I, section 28 of the California Constitution is misplaced. Under that section, victims have the right to seek restitution "from the persons convicted of the crimes causing the losses they suffer." (*Id.*, subd. (b)(13)(A).) Horizon has not been convicted of a crime.

IV

*Labor Code Section 2802*

Plaintiffs contend Horizon may be liable under Labor Code section 2802.

Labor Code section 2802, subdivision (a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

Labor Code section 2802 allows an employee to be indemnified by his or her employer. It does "not provide access to the employer's or its insurer's pocketbook through a third party suit against the employee." (*Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 74.)

Plaintiffs have no cause of action based on Labor Code section 2802.

The concurring opinion need not be concerned with out-of-state authority.  California authority is more than sufficient to resolve the issue presented.  We are pleased, however, that the out-of-state authorities cited by our colleague would agree with our result.

*DISPOSITION*

The judgment is affirmed.  Costs are awarded to respondent.

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P. J.

I concur:


YEGAN, J.

6.

TANGEMAN, J., Concurring:

I concur. Because plaintiffs rely heavily on out-of-state authorities in discussing this issue of first impression in California, I believe a brief discussion of those authorities is warranted.

The out-of-state authorities cited by plaintiffs hold that the statute of limitations for respondeat superior liability is the same as for the individual tortfeasor. But with the exception of *D.M.S. v. Barber* (Minn. 2002) 645 N.W.2d 383, the extended statutes of limitations apply where they refer to particular types of actions rather than particular types of defendants. See *Kocsis v. Harrison* (Neb. 1996) 543 N.W.2d 164; *Lourim v. Swensen* (Or. 1999) 977 P.2d 1157; *Dunn v. Rockwell* (W.Va. 2009) 689 S.E.2d 255. This distinction warrants the conclusion that Code of Civil Procedure section 340.3 applies only to defendants convicted of a felony and not to their employers.

The court in *Doe v. BSA Corp.* (Conn. 2016) 147 A.3d 104 reaches the same conclusion. In applying an extended statute of limitations for sexual abuse claims to the employing organization, the court drew a distinction between statutes "not concerned with *particular types of defendants*, but with providing recovery for a *particular type of injury*." (*Id.* at p. 122.) The court noted that "almost all of the courts that have concluded that an extended statute of limitations for claims involving childhood sexual abuse does not apply to claims against nonperpetrators have been confronted with statutes that expressly limit their application to claims against perpetrators. [Citations.]" (*Id.* at p. 123, fn. 21.)

Because "section 340.3 was enacted as part of a statutory scheme to implement Proposition 8's constitutional requirement

that "'"persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer"'" (*Guardian North Bay, Inc. v. Superior Court* (2001) 94 Cal.App.4th 963, 973) and expressly limits its reach to convicted defendants, I concur in the result.

<u>CERTIFIED FOR PUBLICATION</u>.


TANGEMAN, J.

Ginger E. Garrett, Judge

Superior Court County of San Luis Obispo

_____

James McKiernan Lawyers and James McKiernan for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Ernest Slome, Rueben B. Jacobson and Tracy D. Forbath for Defendants and Respondents.